UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| JOHN ALDERSON, | CASE NO. C18-1374JLR |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR IMPROPER REMOVAL |
| v. | |
| DELTA AIR LINES, INC., | |
| Defendant. | |

## I. INTRODUCTION

Before the court is Plaintiff John Alderson's motion to dismiss for lack of subject matter jurisdiction and/or improper removal. (Mot. (Dkt. # 7).) Defendant Delta Air Lines ("Delta") opposes the motion. (Resp. (Dkt. # 9).) The court has considered the motion, the submissions in favor of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Alderson's motion to dismiss for lack of subject matter jurisdiction and/or improper removal.

## II. BACKGROUND

This case arises out of a series of incidents that allegedly occurred between Mr. Alderson, who works as a flight attendant for Delta, and Christopher S. Halsey, another Delta employee, who is not a party in this action. (*See* Compl. (Dkt. #1-2) ¶¶ 1.1-1.2, 3.12-3.34.) Mr. Alderson is a resident of Washington, and Delta is headquartered in Georgia and incorporated in Delaware. (Compl. ¶¶ 1.1-1.2.) Mr. Alderson alleges that, during a training camp for new flight attendants, Mr. Halsey made inappropriate advances toward him, threatened to fail him out of the training camp, and sent him inappropriate text messages. (*Id.* ¶¶ 3.12-3.31.) According to Mr. Alderson, these events culminated in Mr. Halsey luring Mr. Alderson to his hotel room, where he allegedly drugged and raped Mr. Alderson. (*Id.* ¶ 3.33.) Mr. Alderson brings claims against Delta under the Washington Law Against Discrimination, RCW 49.60, and for negligence. (*Id.* ¶ 4.1.)

On August 20, 2018, Mr. Alderson served a summons and state court complaint on Delta. (Not. of Removal (Dkt. #1) at 1; Goldstein Decl. (Dkt. #2) ¶ 2, Ex. A.) On September 18, 2018, Delta filed a notice of removal of the state court action to federal court on the basis of diversity jurisdiction. (Not. of Removal at 2.) As of the filing of Delta's notice of removal, Mr. Alderson had not filed the complaint in state court. (*Id.* at 1-2.) On September 20, 2018, Mr. Alderson filed the instant motion to dismiss for lack of subject matter jurisdiction and/or improper removal. (Mot. at 1.) Mr. Alderson asserts that, because the complaint was not filed in state court and Delta never demanded that the complaint be filed, removal was improper and the court lacks subject matter jurisdiction

over the action. (*Id.* at 2-3.) Mr. Alderson explains that he styles the motion a motion to dismiss, rather than a motion for remand, "because there was never a state court action and, thus, remand to the state court would not be appropriate." (Mot. at 1, n.1.) Delta, in turn, argues that removal was proper because a suit commenced under state law when Mr. Alderson served the summons and complaint, and because the parties are diverse. (Resp. at 2; *see also* Not. of Removal at 1-2.)

### III. DISCUSSION

**A.     Commencement of the State Court Action**

"A party may not remove a case to federal court before it has commenced in state court." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005). Federal courts should defer to state laws and rules of practice to "determine when a dispute may be deemed a cognizable legal action in state court." *Id.* (*citing Herb v. Pitcaim*, 324 U.S. 117, 120 (1945)).

Washington law provides that "a civil action is commenced by service of a copy of a summons together with a copy of the complaint . . . or by filing a complaint." Wash. Super. Ct. Civ. R. 3(a); *see also Seattle Seahawks, Inc. v. King Cty.*, 913 P.2d 375, 376 (Wash. 1996) ("CR 3 clearly and unmistakably provides that an action is commenced today by service of a summons or by the filing of a complaint.") (internal citations and quotation marks omitted). Under the Washington Superior Court Civil Rules, after service, a defendant may demand in writing that a plaintiff file the summons and complaint in state court. Wash. Super. Ct. Civ. R. 3(a). If a defendant makes such a "written demand," and the plaintiff fails to file the summons and complaint within 14

days after service of the demand, service of the complaint is void and no action has commenced. *Id.* However, the 14-day void period applies only if the defendant formally serves the plaintiff a written demand to file. *Hutchinson v. Garrison Prop. & Cas. Ins. Co.*, No. C18-0656RSM, 2018 WL 2981130, at *2-3 (W.D. Wash. Jun. 14, 2018).

Washington law provides that state courts have jurisdiction over cases "from the time of commencement of the action by service of summons, or by filing of a complaint . . . ." RCW 4.28.020. Therefore, a state court acquires jurisdiction over a matter once a summons and complaint are served. *See Seattle Seahawks*, 913 P.2d at 376. This court has repeatedly held that under Washington law, service of a summons and complaint commences a civil action in state court and vests the state court with jurisdiction over the matter, thus making it removable. *See, e.g.*, *Dustin v. Meridian Fin. Serv., Inc.*, No. C17-1087JCC, 2017 WL 3773714, at *3 (W.D. Wash. Aug. 31, 2017) ("Filing a lawsuit in state court is not a condition precedent to its removal to federal court. . . . Under Washington law, a defendant's 30 day clock for filing [a] notice of removal begins either when she is served with [a] summons and complaint, or when the complaint is filed in state court . . . ."); *Melvin v. Kingsolver*, No. C12-5401RJB, 2012 WL 13026632, at *3 (W.D. Wash. Jun. 12, 2012) ("According to state law [service of a summons and complaint] commenced the action and it was subject to removal. . . . There is nothing in the removal statute that requires a state court filing as a prerequisite to filing a notice of removal."); *Reed v. Pac. Cycle Inc.*, No. C09-5610RBL, 2009 WL 5214327, at *1 (W.D. Wash. Dec. 28, 2009) ("[I]n Washington State, the service of summons and complaint 'commences' a civil action. Actual service of process is not akin to mailing a

courtesy copy[;] instead it is the formal commencement of the action."); *Pacuska v. Allied Van Lines, Inc.*, No. C05-5830FDB, 2006 WL 521596, at *3 (W.D. Wash. Mar. 2, 2006) ("The general federal rule is that a lawsuit is commenced at a discrete moment in time: the filing of the original complaint in a court of competent jurisdiction. Such is not the case in Washington.") (internal citations omitted).

Accordingly, under Washington law, Mr. Alderson's suit commenced when Mr. Alderson served Delta with the summons and complaint on August 20, 2018. *See* Wash. Super. Ct. Civ. R. 3(a). At that point, Delta "had been 'notified of the action, and brought under a court's authority, by formal process.'" *Dustin*, 2017 WL 3773714, at *3 (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)). The court rejects Mr. Alderson's suggestion that service on Delta was void because Delta failed to make a written demand that Mr. Alderson file the action in state court. (Mot. at 2.) Because Delta never made a written demand under Washington Superior Court Civil Rule 3(a), the 14-day void period does not apply. Wash. Super. Ct. Civ. R. 3(a); *Hutchinson*, 2018 WL 2981130, at *2-3. Mr. Alderson's action was thus ripe for removal. *See Kingsolver*, 2012 WL 13056632, at *3.

**B.     Removal**

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). The party seeking removal has the

burden of proving that federal jurisdiction exists, and the removal statute is strictly construed against removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Any doubts as to federal jurisdiction should be resolved by remanding the action to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A defendant seeking to remove a civil action "shall file [a notice of removal] in the district court" where the state action is pending. 28 U.S.C. § 1446(a). The notice of removal must be filed within 30 days after receipt by the defendant, "through service or otherwise," of a copy of the complaint or within 30 days after service of summons if the complaint was filed in court and is not required to be served on the defendant. *Id.* § 1446(b).

Delta timely removed Mr. Alderson's action. The time period for removal was triggered by service of the summons and complaint, regardless of the fact that Mr. Alderson never filed his complaint in state court. *See Murphy Bros.*, 526 U.S. at 347-48 (stating that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise . . .") (internal citations and quotation marks omitted); *Dustin*, 2017 WL 3773714, at *2-3 (finding the defendant's notice of removal untimely because the removal clock began running when the defendant was served with a summons and complaint, not when the action was subsequently filed in state court). Delta was served with the summons and complaint on August 20, 2018, and filed its notice of removal on September 18, 2018. (Not. of Removal at 1-2.) Delta thus removed the action within the 30-day removal period. 28 U.S.C. § 1446.

## C. Subject Matter Jurisdiction

Delta removed Mr. Alderson's action on the basis of diversity jurisdiction. (Not. of Removal at 1). For removal based on diversity of citizenship, the removing party has the burden of establishing diversity of citizenship among the parties and of showing that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. 28 U.S.C. §§ 1332(a), 1446(c)(2). The removing party must do so by a preponderance of the evidence. *Corral v. Select Portfolio Serv., Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (*quoting Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)); *see also* 28 U.S.C. § 1446(c)(2). In determining whether jurisdiction has been established, the court may consider facts "presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at time of removal.'" *Matheson*, 319 F.3d at 1090 (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

The court finds that it has subject matter jurisdiction over this action. Mr. Alderson is a citizen of Washington, and Delta is a citizen of Georgia and Delaware. (Compl. ¶¶ 1.1-1.2.); *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ."). Thus, the parties are completely diverse. *See* 28 U.S.C. § 1332(a)(1). Although Mr. Alderson's complaint does not specify a dollar amount of requested relief, Delta has demonstrated that Washington jury verdicts in cases alleging rape and sexual assault routinely exceed $75,000. (Goldstein Decl. ¶ 3, Ex. B); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)

(providing that a removing defendant may use verdicts from similar cases as evidence of the amount in controversy if the plaintiff fails to plead the amount in the complaint). Therefore, the diversity requirements of Section 1332 are satisfied, and the court has subject matter jurisdiction over the action. The court thus denies Mr. Alderson's motion to dismiss for improper removal and/or lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Alderson's motion to dismiss for lack of subject matter jurisdiction and/or improper removal (Dkt. #7).

Dated this 22nd day of October, 2018.

The Honorable James L. Robart
U.S. District Court Judge